UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARK SMITH, #1042696,

        Petitioner,

v.                                              ACTION NO. 2:17cv460

HAROLD W. CLARKE,
*Director of the Virginia Department of Corrections*,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Mark Smith's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent's motion to dismiss. This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 10, be **GRANTED**.

### I.    STATEMENT OF THE CASE

Mark Smith ("Smith") is an inmate currently housed at the Buckingham Correctional Center in Dillwyn, Virginia, part of the Virginia Department of Corrections. ECF No. 1 at 1. Smith was tried by jury in the Circuit Court for Accomack County. *Id.* at 1–2. He was convicted and sentenced on June 20, 2013 to 23 years in prison, comprising 15 years for second degree murder, 3 years for use of a firearm in the commission of a felony, and 5 years for discharging a firearm. *Id.* at 1.

Smith appealed his convictions to the Court of Appeals of Virginia. ECF No. 12-1 at 29–33. The appellate court summarized the evidence as follows:

> [T]he evidence proved that on February 25, 2012, Sensair Paul hosted a party at his residence. He testified that [Smith] arrived at the party "with a couple of guys." [Smith] was looking for his daughter and pushed Paul. Paul explained [Smith] appeared intoxicated and that he "didn't want to push [Smith] back . . . ." Paul's friend, Vladimir Sadin, came to Paul's aid. Paul testified [Smith] pulled a gun from his pants and shot Sadin at least twice. Paul identified the weapon as a black .45 caliber gun. Paul and other party guests fled to Paul's room. Paul saw [Smith's] companion outside shooting at the house.
>
> . . . .
>
> Paul positively identified [Smith] as the man who shot and killed the victim. He testified he knew [Smith] and was standing right next to him when he fired the gun. He also saw [Smith] outside the residence with the weapon as he entered a car and fled the scene.

*Id.* at 30.

The Court of Appeals denied Smith's appeal on April 9, 2014. *Id.* at 29–33. Smith appealed his case to the Supreme Court of Virginia, which refused his appeal on October 31, 2014. ECF No. 12-1 at 34. Smith did not file for a writ of certiorari with the United States Supreme Court. ECF No. 1 at 3.

Smith filed a timely petition for a writ of habeas corpus in the Circuit Court for Accomack County on October 28, 2015. ECF No. 1 at 5–6; ECF No. 12-2 at 6. Smith's state habeas petition alleged that his appellate counsel[1] was ineffective for: (1) failing to communicate and for a conflict of interest; (2) giving false and misleading advice concerning the issues preserved for appeal and for failing to investigate the law; and (3) failing to raise issues preserved for appeal. ECF No. 12-2 at 12–38. Smith listed as one of the preserved issues which appellate counsel failed to appeal that "[t]he Commonwealth violated Petitioner's Due Process

---

[1] Smith's appellate counsel was Paul G. Watson. ECF No. 1 at 12.

2

Rights [specifically, a defendant's rights under *Brady v. Maryland*, 373 U.S. 83 (1963)] by non-disclosure of exculpatory statements of Shaniqua Smith [(Smith's daughter)]."[2] *Id.* at 17; *see also id.* at 33–34.

Smith's state petition further alleged that his trial counsel[3] was ineffective for: (1) failing to investigate and provide Smith with a copy of the criminal complaint and police report; (2) failing to interview and subpoena witnesses for trial; (3) failing to renew a motion for discovery due to the prosecutor's failure to comply, failing to request *in camera* inspection of material that Smith believed should have been discoverable, and for failing to inspect and copy information the prosecutor possessed that Smith believed was helpful to his case; and (4) failing to request the personnel files of a police officer for impeachment purposes. *Id.* at 40–44. Finally, Smith's petition alleges that his preliminary hearing counsel[4] was ineffective for: (1) failing to investigate or inform Smith of the evidence against him; (2) failing to interview and call witnesses in Smith's defense at the preliminary hearing; (3) failing to cross-examine the investigator at the preliminary hearing about a third-party's statement; (4) laboring under a

---

[2] Shaniqua Smith made a statement to law enforcement on the night of the shooting. *Commonwealth v. Smith*, No. CR 12000107-01, -02, -04, trial transcript at 430–31 (Va. Cir. 2013) [hereinafter Tr.]. Prosecutors did not disclose that statement to Smith or his attorney. Tr. 432. Smith called Shaniqua Smith at trial as part of his case-in-chief. Tr. 413. She testified that she was with her father at the time of the shooting and that she did not see an object in his hand. Tr. 425–26. The prosecutor attempted to cross-examine her using her prior statement to investigators that the prosecutor believed was inconsistent with her testimony. Tr. 431, 435. Defense counsel objected due to the prosecutor's failure to disclose that Shaniqua Smith told investigators that she did not see her father in possession of a firearm at the time of the shooting. Tr. 431, 434–35. The trial court ruled that, because some of Shaniqua Smith's statement was exculpatory and not disclosed to the defense, the prosecutor could not use any portion of the statement on cross-examination. Tr. 435–36.

[3] Smith's trial counsel was Carl H. Bundick. ECF No. 1 at 12.

[4] Smith's preliminary hearing counsel was Theresa Bliss. ECF No. 1 at 12.

conflict of interest; and (5) failing to allow Smith to testify at the preliminary hearing. *Id.* at 45–46; ECF No. 12-3 at 1–2.

On April 18, 2016, the circuit court granted Smith leave to amend his petition and add two more claims: (1) appellate counsel was ineffective for failing to raise on appeal the trial court's failure to instruct the jury on the abolition of parole; and (2) trial counsel was ineffective for failing to request an instruction during the penalty phase that parole has been abolished in Virginia. ECF No. 12-4 at 3–4. After granting leave to add these latter claims, the circuit court found them time-barred, pursuant to Virginia Code § 8.01-654(A)(2).[5] *Id.* at 4–5. The circuit court also dismissed Smith's remaining claims. *Id.* at 5–24.

Smith appealed to the Supreme Court of Virginia, assigning six errors. ECF No. 12-5. They were: (1) the circuit court erred in refusing to rule on or consider Smith's motion for discovery and motion for subpoena *duces tecum*; (2) the circuit court erred in refusing to consider Smith's affidavits and the affidavit of Alexis Snead; (3) the circuit court erred in denying Smith's amended claims as time-barred; (4) appellate counsel was ineffective for failing to communicate, having a conflict of interest, giving false and misleading information, failing to investigate the law, failing to raise preserved issues, and filing a defective brief; (5) trial counsel was ineffective for failing to fully investigate, provide Smith with the criminal complaint and police report, subpoena witnesses for trial, seek pretrial review, and request *in camera* inspection; and (6) preliminary hearing counsel was ineffective for failing to fully investigate,

---

[5] Section 8.01-654(A)(2) provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2).

4

failing to provide Smith with the evidence against him, not allowing Smith to testify at the preliminary hearing, failing to interview and call witnesses at the preliminary hearing, and for having a conflict of interest. *Id.* at 4. As part of assignment of error four, Smith also alleged that appellate counsel was ineffective for failing to appeal based on the nondisclosure of Shaniqua Smith's statement. ECF No. 12-5 at 28–29.

On May 17, 2017, the Supreme Court of Virginia found assignments of error four through six to be insufficient pursuant to Rule 5:17(c)(1)(iii),[6] because they did not address the circuit court's ruling. ECF No. 12-6. The Supreme Court accordingly dismissed those assignments of error. *Id.* The Supreme Court also refused the other assignments of error. *Id.*

On August 17, 2017, Smith placed a federal habeas petition in the prison mailing system. ECF No. 1-1. Smith's federal petition raises only one ground for relief: appellate counsel was ineffective for failing to argue on appeal that the Commonwealth violated Smith's due process rights when it failed to disclose prior to trial an exculpatory statement Shaniqua Smith made to investigators. ECF No. 1 at 5, 16–19.

On January 10, 2018, respondent filed an answer to the petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and a motion to dismiss

---

[6] Rule 5:17(c)(1)(iii) provides:

> Insufficient Assignments of Error. An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Va. S. Ct. Rule 5:17(c)(1)(iii).

the petition, along with a supporting memorandum arguing that Smith's federal petition is procedurally defaulted.[7] ECF Nos. 9–10, 12. Smith has not responded to the motion to dismiss, and the time for response has passed.

## II. ANALYSIS

### I. The Doctrines of Exhaustion and Procedural Default

In order to proceed, Smith must have exhausted his remedies in state court before the Court can address the merits of his habeas petition. *See* 28 U.S.C. § 2254(b). He must also show that his claims were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). The exhaustion doctrine ensures that state courts have a meaningful opportunity to consider allegations of constitutional violations before presentation of such claims to a federal court. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under this doctrine, "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.*

---

[7] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Smith with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 11.

6

(citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)).

Simultaneous exhaustion and default "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Such claims are simultaneously exhausted and procedurally defaulted, because any attempt to raise the claims before the Supreme Court of Virginia now would be barred as a successive petition under Virginia Code § 8.01-654(B)(2). *See also Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001). Under *Teague v. Lane*, 489 U.S. 288, 297–98 (1989), this Court cannot consider claims that would be procedurally defaulted in state court if raised now.

## II. Smith's petition is procedurally defaulted.

Respondent argues that Smith's claim is procedurally defaulted because it was not properly presented to the Supreme Court of Virginia. ECF No. 12 at 6. In his initial state habeas petition, Smith raised the issue that his appellate counsel was ineffective for not appealing the nondisclosure of Shaniqua Smith's statement to law enforcement. ECF No. 12-2 at 17, 33–34. The state habeas court addressed this claim on the merits, and determined that appellate counsel's decision to raise other issues on appeal was not ineffective assistance. ECF No. 12-4 at 15. In particular, the circuit court ruled that Smith received the relief he sought at trial when the trial court prevented the Commonwealth from using the entire statement to cross-examine Shaniqua Smith. *Id*.

Smith appealed the circuit court's ruling to the Supreme Court of Virginia, exhausting his state remedies. ECF No. 12-5. In his fourth assignment of error, Smith asserted that "[a]ppellate counsel was ineffective: failing to communicate, conflict of interest; giving false and misleading [advice], failure to investigate the law, failure to raise preserve[d] issues, [f]iling a defective brief." ECF No. 12-5 at 4. Smith argued that the issues appellate counsel chose to appeal were weaker than other issues he could have appealed. *Id.* at 20–29. He argued that one of these issues was the nondisclosure of exculpatory statements, including the statement made by Shaniqua Smith to investigators. *Id.* at 28–29. The Supreme Court of Virginia found that this assignment of error was insufficient because it did not specifically address the circuit court's ruling. ECF No. 12-6. Thus, the Supreme Court dismissed that assignment pursuant to Rule 5:17(c)(1)(iii). *Id.*

The Fourth Circuit has consistently found Rule 5:17(c) to be an independent and adequate state bar. *Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999); *Yeatts v. Angelone*, 166 F.3d 255, 264 (4th Cir. 1999). If Smith now sought to raise the aforementioned due process claim before the Supreme Court of Virginia, it would be time-barred under Virginia Code § 8.01-654(A)(2).[8] Further, if Smith sought to raise this claim before the Supreme Court of Virginia now, it would be barred by

---

[8] Smith was sentenced in the trial court on June 20, 2013. ECF No. 1 at 1. The Supreme Court of Virginia denied Smith's direct appeal on October 31, 2014. ECF No. 12-1 at 34. Smith had 90 days to file a writ of certiorari to the United States Supreme Court, but did not do so. Sup. Ct. R. 13(1). Smith's conviction therefore became final on January 29, 2015. More than two years have passed since the final disposition in the trial court and more than one year has passed since the end of Smith's direct appeal, rendering any further habeas action before the Virginia Supreme Court untimely.

Virginia's successive petition bar, Virginia Code § 8.01-654(B)(2).[9] "[T]he Virginia Supreme Court's conclusion that these claims were defaulted [under Rule 5:17(c)] bars them from . . . consideration [by this Court], absent cause and prejudice or a miscarriage of justice." *Mueller*, 181 F.3d at 582.

The Court turns next to whether Smith's procedural default can be excused by a showing of cause and prejudice, or by a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, Smith must show that some "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Martinez v. Ryan*, the United States Supreme Court held that ineffective assistance of counsel, or lack of counsel, during an initial-review collateral proceeding may constitute justifiable cause for procedural default in certain circumstances. 566 U.S. 1 (2012). However, the Supreme Court made clear that its holding was a narrow one. *Id.* at 16 ("The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern . . . appeals from initial-review collateral proceedings."); *see also Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) ("*Martinez* assures that Johnson got a day in court at his original postconviction hearing; 'deprivation of a second day [i.e. an appeal] does not constitute cause.'") (quoting *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012)). In *Coleman*, the Court held that ineffective assistance of counsel in a post-conviction collateral proceeding could not allow a petitioner to bypass procedural default, because there is no constitutional right to post-conviction counsel. *Coleman*, 501 U.S. at 752–53.

---

[9] Section 8.01-654(B)(2) provides that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code § 8.01-654(B)(2).

9

In this case, Smith presented his claim to the state habeas court, which duly considered and rejected it. ECF No. 12-4. He procedurally defaulted the claim presented to this Court on his subsequent appeal, which the Supreme Court of Virginia found insufficient under Rule 5:17(c)(1)(iii). ECF No. 12-6. Because the procedural default was the result of a faulty appeal, *Coleman*, not *Martinez*, applies, and Smith cannot show cause based on his lack of representation in the collateral proceedings.

Smith has made no other showing of cause. Smith's petition makes no argument that factors external to his defense prevented him from making a sufficient assignment of error before the Virginia Supreme Court. Smith did not respond to the motion to dismiss to make any such argument. Nor has Smith alleged any facts that would demonstrate prejudice or a fundamental miscarriage of justice. He has not shown how the Commonwealth's failure to disclose Shaniqua Smith's statement altered the outcome of the trial such that the Court would deem it a fundamental miscarriage of justice, especially because Shaniqua Smith testified at trial that she did not see a firearm in Smith's hand at the time of the shooting. Tr. 425–26. While the Court is not ruling on the merits of Smith's claim, the Court does note that "[n]o *Brady* violation exists when the evidence is 'available to the defense from other sources' or through a 'diligent investigation by the defense.'" *United States v. Catone*, 769 F.3d 866, 871–72 (4th Cir. 2014) (quoting *United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011)); *see also United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004) ("[I]nformation actually known by the defendant falls outside the ambit of the *Brady* rule."). In this case, the exculpatory evidence was a statement made by the defendant's daughter, who testified at trial on the defendant's behalf about the subject matter of the statement, suggesting that the evidence apparently was available to Smith

through diligent investigation from a source other than the Commonwealth.[10] Because Smith procedurally defaulted on his sole ground for relief, and has not demonstrated cause in justification thereof, prejudice, or a fundamental miscarriage of justice, his petition for a writ of habeas corpus should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 10, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

---

[10] Indeed, defense counsel's quick objection to the statement, before Shaniqua Smith was questioned about any particulars of the statement, suggests that defense counsel was actually aware of the statement and its contents. *See* Tr. 431.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 18, 2018